UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>LORNA DUNNIGAN,<br><br>    Defendant. | Case No. 09-cv-529-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff United States of America's (hereinafter "Government") Motion for Summary Judgment (Doc. 5) and Memorandum (Doc. 6) in support thereof.  Despite the Government's filing and mailing of a Federal Rule of Civil Procedure 56 Notice (Doc. 70) to Defendant Lorna Dunnigan (hereinafter "Dunnigan"), who is acting *pro se* in this matter, Dunnigan did not file a response to the summary judgment motion.

For the following reasons, the Court **GRANTS** the instant motion (Doc. 5).

### BACKGROUND AND ANALYSIS

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).  The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396.

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a

genuine issue of material fact exists.  Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).  A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Michas*, 209 F.3d at 692.  Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252; *accord Michas*, 209 F.3d at 692.

      Here, excepting her filing of a handwritten letter that this Court construed as the Answer (Doc. 4) to the Government's Complaint (Doc. 2), Dunnigan has not acted throughout this litigation and has not made any arguments that attack the merits of the instant motion.  Subsequently, as referenced in the Government's Rule 56 notice, the Court can and will construe Dunnigan's failure to respond as an admission of the merits of the instant motion and enter judgment accordingly.[1]

      Specifically, the Court finds that, on or about February 17 and February 28, 1984, Dunnigan executed promissory notes to secure loans of $1,650.00 and $1,600.00 from MidAmerica Bank & Trust Co. of East St. Louis, Illinois.  The Government has since become the holder of said notes, and, upon the compounding of interest specifically provided for in the notes, Dunnigan owed $6,957.76 as of January 28, 2009.  This amount has since increased, as it now includes interest of 9.00 percent per annum from January 28, 2009, until the date judgment is

---

[1] Nevertheless, per *Anderson*, the Court assures Dunnigan that it has taken all evidence and reasonable inferences in her favor.

entered, plus future costs and interest.  Further, post-judgment interest will accrue at the legal rate pursuant to 28 U.S.C. § 1961 until the notes are paid in full.

In addition, the Court finds that, on or about July 12, 1985, Dunnigan executed a promissory note to secure a loan of $2,500.00 from First Independent Trust of Sacramento, California.  The Government has since become the holder of said note, and, upon the compounding of interest specifically provided for in the note, Dunnigan owed $1,418.04 as of January 28, 2009.  This amount has since increased, as it now includes interest of 8.00 percent per annum from January 28, 2009, until the date judgment is entered, plus court costs in the amount of $350.00 pursuant to 28 U.S.C. § 2412(a)(2), future costs, and interest.  Further, post-judgment interest will accrue at the legal rate pursuant to 28 U.S.C. § 1961 until the note is paid in full.

In sum, no genuine issue of material fact exists as to Dunnigan's liability to the Government on the two aforementioned notes.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Government's Motion for Summary Judgment (Doc. 5).  Judgment shall enter in favor of the Government and against Dunnigan.  Further, the Court **DISMISSES** this case **with prejudice**.  Finally, the Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: April 21, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
